IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

vs.                         Civil Action No. _____

HOUCORP, INC.

        Defendant.
_____/

## PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S COMPLAINT AND DEMAND FOR JURY TRIAL

This is an action under the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.* ("ADA"), as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), Pub. L. No. 110–325, 122 Stat 3553 (2008) (codified as amended in scattered sections of 42 U.S.C.), and Title I of the Civil Rights Act of 1991, 42 U.S.C. §1981a. The United States Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendant Houcorp, Inc. ("Houcorp" or "Defendant") discriminated against Charging Party Tyresha Collins ("Ms. Collins") when it failed to accommodate her and terminated her on the basis of her disability (hard of hearing) in violation of 42 U.S.C. § 12112(a).

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended 42 U.S.C. § 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Jacksonville Division.

## PARTIES

3. The Commission is an Agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference §§ 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. Defendant is a fast-food restaurant franchise.

5. One of Defendant's restaurants is located in Sebastian, Florida.

6. At all relevant times, Defendant has continuously done business in Florida, and has continuously had at least fifteen employees.

7. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. § 12111(5), (7), which incorporates by reference 42 U.S.C. 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e (b), (g), and (h).

8. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEEDINGS

9. More than thirty days prior to the institution of this lawsuit, Ms. Collins filed a charge of discrimination with the Commission against Defendant alleging disability discrimination in violation of the ADA.

10. The Commission sent Defendant notice of Ms. Collins's discrimination charge.

11. The Commission issued a Letter of Determination finding reasonable cause to believe that Defendant discriminated against Ms. Collins because of her disability (hard of hearing).

12. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

13. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

14. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

15. Defendant is a fast-food restaurant franchise.

16. Ms. Collins has been hard of hearing since birth.

17. Ms. Collins began wearing a hearing aid at approximately age five (5). Even with the hearing aid, her hearing is very limited.

18. Ms. Collins has a disability.

19. On approximately June 6, 2021, Ms. Collins applied to work at one of Defendant's fast-food restaurants.

20. At the interview, Ms. Collins brought someone to interpret for her.

21. Following the interview, Defendant offered Ms. Collins a position and invited her to attend orientation.

22. Ms. Collins then asked Defendant, "Do you provide ASL Interpreters," and reminded Defendant "I am hard of hearing."

23. Thereafter, on two occasions, Defendant advised Ms. Collins that it does not provide ASL Interpreters.

24. Ms. Collins could not attend the orientation without an ASL Interpreter.

25. Defendant was unwilling to provide Ms. Collins with a reasonable accommodation for her disability.

26. When Ms. Collins could not attend the orientation, Defendant failed to complete the hiring process.

27. Defendant failed to hire Ms. Collins because of her disability.

28. As a result, Ms. Collins has been damaged.

## STATEMENT OF CLAIMS

29. Paragraphs 1 through 28 are incorporated by reference as if fully set forth herein.

30. Ms. Collins is a qualified individual with a disability as defined by the ADA.

31. Defendant discriminated against Ms. Collins in violation of 42 U.S.C. § 12112(a) and (b)(5) by not providing a reasonable accommodation.

32. Defendant discriminated against Ms. Collins in violation of 42 U.S.C. § 12112(a) and (b)(5) by failing to hire her because of her disability.

33. As a direct and proximate result of the practices complained of in the foregoing paragraphs, Ms. Collins has suffered actual pecuniary and

non-pecuniary damages, including but not limited to lost earnings and benefits, emotional pain, suffering, embarrassment, and inconvenience.

34. The unlawful employment practices complained of in the foregoing paragraphs were intentional and were done with malice or with reckless indifference to the federally protected rights of Ms. Collins.

35. The effect of the practices complained of in the foregoing paragraphs has been to deprive Ms. Collins of equal employment opportunities and otherwise to adversely affect his status as an employee because of her disability.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

36. Grant a permanent injunction enjoining Defendant, its officers, parent(s), successors, assigns, agents, managers, employees and all persons in active concert or participation with it, from engaging in employment practices which discriminate against qualified individuals on the basis of disability;

37. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified

individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

38. Order Defendant to make Ms. Collins whole by providing compensation for past, present, and future pecuniary losses resulting from the unlawful employment practices complained of herein, in amounts to be determined at trial, and other affirmative relief as necessary to eradicate the effects of Defendant's unlawful employment practices;

39. Order Defendant to make Ms. Collins whole by providing compensation for past, present, and future non-pecuniary losses resulting from the unlawful employment practices described above, including, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

40. Order Defendant to make Ms. Collins whole by providing appropriate back pay with pre-judgment interest and lost benefits, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices;

41. Order Defendant to pay Ms. Collins punitive damages for engaging in intentional discrimination with malice or with reckless indifference, in amounts to be determined at trial;

42. Grant such other further relief as the Court deems necessary and proper in the public interest; and

43. Award the Commission its costs in this action.

## **JURY TRIAL DEMANDED**

The Commission requests a jury trial on all questions of fact raised by this Complaint.

Dated: June 30, 2023.

    Respectfully submitted,

    U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

    GWENDOLYN YOUNG REAMS
    Acting General Counsel
    U.S. Equal Employment Opportunity Commission
    131 M Street, N.E.
    Washington, D.C. 20507

    ROBERT WEISBERG
    Regional Attorney

    KRISTEN FOSLID
    Assistant Regional Attorney

    s/Kriste n Foslid\_\_\_\_
    Kristen Foslid
    Assistant Regional Attorney
    Florida Bar No.  0688681
    U.S. Equal Employment Opportunity Commission

                                                      Miami District Office  
                                                      100 S.E. 2nd Street, Suite 1500  
                                                      Miami, Florida 33131  
                                                      Tel: 786-648-5835  
                                                      kristen.foslid@eeoc.gov